Date signed September 30, 2013



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **Paul A. Griffith** | * | Case No. 12-22141-NVA |
| Debtor. | | (Chapter 7) |
| *   *   *   *   *   *   * | | |
| **SunTrust Bank** | * | |
| Plaintiff, | * | Adversary Proc. No. 12-0633 |
| v. | * | |
| **Paul A. Griffith** | | |
| | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM  IN SUPPORT OF ORDER DENYING PAUL A. GRIFFITH'S
MOTION TO VACATE ENTRY OF DEFAULT [ECF No. 13] AND
GRANTING SUNTRUST'S MOTION FOR DEFAULT JUDGMENT [ECF. NO. 25]**

The Court has for its consideration a Motion to Vacate Entry of Default ("Motion to Vacate") [ECF No. 13], filed by Debtor/Defendant Paul A. Griffith (the "Debtor") in response to an Entry of Default [ECF No. 9] against the Debtor in the captioned adversary proceeding, and a Motion for Default Judgment [ECF No. 25] filed by SunTrust Bank ("SunTrust").  For reasons

set forth in the record of the hearing held on the Motion to Vacate and augmented herein, the Court denies the Debtor's Motion to Vacate and grants SunTrust's Motion for Default Judgment.

Procedural Background

On June 28, 2012, the Debtor filed a voluntary Chapter 7 Petition. On his bankruptcy schedules, he indicated that he had no income and did not own any stock or interest in any business. The Debtor made similar representations under oath while testifying at a meeting of creditors conducted pursuant to section 341 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

On September 24, 2012, SunTrust Bank ("SunTrust") filed an adversary proceeding requesting denial of the Debtor's discharge under §§ 727(a)(2) and (a)(4)(A) of the Bankruptcy Code (the "Complaint") [ECF No. 1]. The Complaint alleges that SunTrust is a judgment creditor of the Debtor and also alleges that the Debtor intentionally failed to disclose his relationship with certain businesses - - specifically, Radius Group, LLC ("Radius Group") and Electrical & Mechanical Solutions, Inc ("EMSI") - - of which the Debtor is an officer and from which the Debtor receives income.[1] Accordingly, the Complaint requests that this Court deny the Debtor's discharge under 11 U.S.C. § 727(a)(2) for concealing property and under 11 U.S.C. § 727(a)(4)(A) for knowingly and fraudulently making a false oath or account, including in his bankruptcy schedules filed under oath with the Court.[2]

When the Debtor failed to respond to the Complaint by the statutory deadline, SunTrust filed: (1) a Motion for Entry of Default [ECF No. 7] and (2) a Motion for Default Judgment

---

[1] The Complaint alleges that the Debtor is a Principal of Radius Group and EMSI and attaches documents from corporate and government websites to corroborate those allegations.

[2] Some months after the Complaint was filed, the Debtor amended his schedules and statement of financial affairs and admitted holding a "25% interest in Radius Group, LLC. No funds invested. Not an officer nor employee. Radius Group, LLC has no value to creditors as liabilities exceed assets."

[ECF No. 8]. On November 8, 2012, the Clerk docketed the Entry of Default [ECF No. 9]. On November 15, 2012, the Debtor, represented by new counsel, filed an Answer to the Complaint [ECF No. 12] and the Motion to Vacate Entry of Default now at issue.  SunTrust then filed an Opposition to the Motion to Vacate [ECF No. 14], as well as a Motion to Strike the Debtor's Answer [ECF No. 15].

The United States Trustee (the "UST") filed a complaint on November 15, 2012, alleging substantially similar facts to those included in SunTrust's Complaint and requesting identical relief.[3]   The Debtor failed to respond timely to the UST's complaint, and, on January 2, 2013, the UST filed motions for default judgment and entry of default. On January 9, 2013, before default was entered, the Debtor filed an answer to the UST's complaint, as well as a reply to the motion for default judgment and the motion for entry of default. On January 15, 2013, the Court denied the UST's motion for default judgment.

## Discussion

Rule 55(c) of the Federal Rules of Civil Procedure, made applicable herein by Rule 7055 of the Federal Rules of Bankruptcy Procedure, provides that a court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). In determining whether good cause exists, courts in this jurisdiction weigh the following factors: whether the moving party acts with reasonable promptness, whether a meritorious defense exists, the personal responsibility of the defaulting party and any history of dilatory action, prejudice to the non-defaulting party, and the availability of less drastic sanctions. *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (*citing Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)). "Generally a default should be set aside where the moving party acts

---

[3] *McDow v. Griffith*, Adv. No. 12-0784.

with reasonable promptness and alleges a meritorious defense." *Id.* (*quoting Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

These factors must be evaluated in light of equity's "strong preference" for judgment on the merits. *Id.* at 417.  A movant's burden in setting aside an entry of default under the "good cause" standard of Rule 55(c) is less demanding than a movant's burden to set aside an entry of default *judgment* under the "excusable neglect" standard of Rule 60(b). *Id.* at 420.  A court reviews the same factors in either motion.

Factor One:  Whether the Debtor Acted with Reasonable Promptness.

The Debtor clearly acted with reasonable promptness by filing the Motion to Vacate seven days after the Clerk entered default. *See, e.g.*, *Russell v. Krowne*, No. DKC 08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013) (finding that delay of over a year in moving to vacate a default was not, in itself, sufficient to preclude a finding of good cause; rather, "the inquiry must focus on actual prejudice to the opposing party").

Factor Two: Prejudice to SunTrust

Notwithstanding some delay, it does not appear that SunTrust would suffer prejudice were the Court to allow this case to go forward on the merits. *See, e.g., Colleton Preparatory Academy*, 616 F.3d at 418-19 (mere delay in the resolution of the case does not qualify as prejudice); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952-53 (examples of prejudice caused by delay might include: missing or deceased witness whose testimony was made unavailable by the delay; records were made unavailable by the delay; presentation of other evidence for plaintiff could not be presented due to the delay).

Factor Three:  Existence of a Meritorious Defense.

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *accord United States v. Moradi*, 673 F.2d 727 (4th Cir. 1982). The mere assertion that a meritorious defense exists is not enough; nor is a conclusory denial of the plaintiff's allegations without the provision of evidentiary support. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251–52 (4th Cir. 1967) (finding that the defaulting party in a contract suit failed to establish a meritorious defense by merely stating the "conclusory allegation" that the other side had breached the contract).

The Debtor failed to appear for the hearing on the Motion to Vacate.  The Debtor's answer[4] to the Complaint was pled in bare admit/deny format; essentially admitting that there were omissions in his bankruptcy filings but denying that they were intentional. He offered no further explanation or evidence of his "defense." No affidavits or exhibits were attached to the answer or filed in support of the Motion to Vacate. *See Augusta Fiberglass Coatings*, 843 F.2d at 810, 812 (finding that, although a close call, the movant's submission of affidavits in support of its motion to vacate default judgment, which disputed the amount of and set forth several detailed counterclaims against the non-defaulting party's claim, was just enough to constitute a "sufficient proffer of a meritorious defense"). No one testified at the hearing. Counsel for the Debtor merely suggested that a meritorious defense may exist, based on a lack of intent and that, given the opportunity, the Debtor "can explain" all of the omissions at a trial.  No proffer of evidence was made, nor was there any representation made of what the Debtor would explain.

---

[4] As noted, Mr. Griffith's answer was stricken when Mr. Griffith failed to file a response to SunTrust's Motion to Strike. Nonetheless, the Court has considered it here in an effort to uncover a proffer of a meritorious defense sufficient to grant the Motion to Vacate.

No witness, affidavit, or other evidence was offered that would shed light on any meritorious defense that the Debtor may have.

### Factor Four: The Debtor's Personal Responsibility for the Default

The Fourth Circuit has declared that "justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney." *Moradi*, 673 F.2d at 728. The Debtor has not suggested that he is not responsible for the default. (In fact, he did not even appear at the hearing.) He offers no explanation for his failure to respond to the Complaint. *See, e.g.*, *Colleton Preparatory Academy*, 616 F.3d at 420 (relevant facts in considering a defaulting party's personal responsibility include whether a third party has taken responsibility for the circumstances leading to the default and whether an explanation for such circumstances has been provided).

### Factors Five and Six: The Debtor's History of Dilatory Action, and the Availability of Less Drastic Sanctions

The Debtor has been dilatory on numerous occasions throughout his bankruptcy case. He failed to respond to the initial Complaint, which resulted in the Entry of Default. He failed to reply to SunTrust's motion to strike his answer. He failed to timely answer in the nearly identical adversary proceeding filed by the UST on November 11, 2012.

### Conclusion

In weighing the applicable factors, the Court is cognizant of this Circuit's strong preference for judgment on the merits as well as the nature of the defaulting party's burden in meeting the good cause standard of Rule 55(c). The Court has weighed the foregoing factors, and concludes that the Debtor has not sustained his burden of showing good cause for relief in

this case. Accordingly, the Motion to Vacate is denied and the Motion for Entry of Default Judgment is granted.

**END OF MEMORANDUM**